IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff　　　)
　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　)　　No. CR-10-124
　　　　　　　　　　　　　　　　)
SENECA MONTOYA LEE,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant　　　)

MEMORANDUM OPINION AND ORDER

In the early morning hours of December 19, 2009, the Oklahoma City Police

Department, along with other state and federal agencies, conducted a raid at Ray Ray's Boom

Boom Room.  When officers arrived at the scene, Defendant was in his car and attempted to

leave.  One of the officers stopped Defendant's car and eventually arrested him.  Following

the arrest, Defendant's car was searched and a handgun was found.  Because Defendant has

a prior felony conviction, he has been charged with a violation of 18 U.S.C. § 922(g).

Believing the stop of his car, questioning, and subsequent search violated the Fourth

Amendment, Defendant filed the present motion seeking to suppress the results of the search

and certain statements he made.  The Court conducted a hearing to gain additional factual

material.  Based on the evidence presented at the hearing, the parties' briefs, and the

applicable law, the Court finds the Motion to Suppress must be denied.

Defendant first challenges the circumstances surrounding the stopping of his vehicle,

arguing the stop was an impermissible seizure.  The Court finds the stop of Defendant's

vehicle was permissible.  Officer Lucas originally stopped the vehicle as a traffic control

measure. Defendant was attempting to exit at a place other officers were entering. When Officer Lucas approached Defendant's vehicle to explain his actions, he was confronted with the smell of burning marijuana. That smell entitled Officer Lucas to investigate further to confirm or deny his suspicions. United States v. Perdue, 8 F.3d 1455, 1462 (10th Cir. 1993). Thus, Officer Lucas was permitted to ask Defendant if he was smoking marijuana and, after receiving an affirmative response, direct Defendant to an area where additional investigation could be made. Once Defendant admitted smoking marijuana, Officer Lucas had probable cause to arrest Defendant. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). Thus, Defendant was not illegally seized.

Defendant's second argument is that his removal from his vehicle and subsequent interrogation about the location of the marijuana cigarette without appropriate Miranda warnings violated his Fourth Amendment rights. As noted above, Officer Lucas's actions in directing Defendant to a parking place and removing him from his vehicle were permissible actions based on the determination that Defendant had committed a crime. Thus, that part of Defendant's argument must fail. Officer Lucas testified that it was not until after Defendant showed him where the cigarette butt was that Defendant was arrested. Thus, the question is whether or not the query was permissible as part of the stop. As noted above, once an officer has a reasonable suspicion, he has the right to ask questions to confirm or deny that suspicion. The Court finds the question about the cigarette butt falls within the

scope of the investigatory detention and no Miranda warnings were necessary. Questioning Defendant about whether he was smoking marijuana was proper based on the reasonable suspicion arising from smelling burnt marijuana. Once Defendant admitted to that crime, Officer Lucas was permitted to arrest Defendant and the search flowed from that arrest. Thus, any questions about the location of the cigarette butt have little, if any, bearing on the issue to be determined at trial.

Defendant's final argument is that the search of his car following his arrest was impermissible. According to Defendant, at the time of the search he was handcuffed and seated in a patrol car several feet away from his car. Thus, Defendant argues, the search is improper under Arizona v. Gant, — U.S. — 129 S.Ct. 1710 (2009). However, as Plaintiff notes, Gant specifically permits a search incident to an arrest where there is a reasonable basis to believe the search will provide evidence relevant to the arrest. Id. at 1719 ("Although it does not follow from Chimel, we also conclude that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" (quoting Thornton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment))). Officer Lucas testified that he searched Defendant's car because he believed he would find additional illegal drugs. The Court finds Officer Lucas's belief reasonable. Because the gun was found during that valid search, it may be used as evidence against Defendant without running afoul of the Fourth Amendment.

For the reasons set forth herein, Defendant's Motion to Suppress and Dismiss (Dkt. No. 12) is DENIED.

IT IS SO ORDERED this 9th day of July, 2010.

ROBIN J. CAUTHRON
United States District Judge